**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**MEDICAL LIABILITY MUTUAL**                                                                        **PLAINTIFF**
**INSURANCE COMPANY**

**CASE NO. 4:06-CV-00298 GTE**

**ALAN CURTIS ENTERPRISES, INC.;**
**ALAN CURTIS, LLC; and EVERGREENE**
**PROPERTIES OF NORTH**
**CAROLINA LLC., d/b/a CRESTPARK**
**INN OF FORREST CITY**                                                               **DEFENDANTS**

**MEMORANDUM OPINION**
**ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are cross-Motions for Summary Judgment. Both Plaintiff Medical Liability Insurance Company's ("MLMIC") and Defendants Alan Curtis Enterprises, Inc., Alan Curtis, LLC, and Evergreene Properties of North Carolina, LLC d/b/a Crestpark Inn of Forrest City, have filed Motions for Summary Judgment. The motions have been fully briefed.

This case presents questions of insurance law, to be resolved by application of Arkansas law. After considering the entire summary judgment record, the Court grants MLMIC's motion in part, concluding, pursuant to the insurance contracts at issue, that there is no duty to defend or to indemnify the Defendants in connection with the claims asserted in the state court action pending against Defendants. The Court denies Defendants' competing motion, seeking a declaration that they are entitled, under the same insurance contracts, to both a defense and to indemnity for said claims. For the reasons stated below, the Court declines to decide the other

issues presented.

## FACTS WITHOUT MATERIAL CONTROVERSY

In its Complaint, Plaintiff Medical Liability Mutual Insurance Company ("MLMIC") seeks a declaratory judgment regarding its obligations as an insurer to its named insured Defendant Evergreene Properties of North Carolina, L.L.C. ("Evergreene") or to Defendant Alan Curtis Enterprises ("Curtis Enterprises").[1]

Evergreene operates and holds the license for a nursing home in Forrest City, Arkansas known as Crestpark Inn of Forrest City ("Crestpark"). Curtis Enterprises, pursuant to a Management Agreement entered into on October 1, 1998, and modified on February 1, 2002, provided certain on-site management and operational services at Crestpark for the benefit of Evergreene. (Def.'s Exh. 3).

Evergreene and Curtis Enterprises were named as defendants in a state court action based on allegations that they failed to provide adequate care and treatment for Noma Ferrell during her residency at Crestpark. The lawsuit was filed in St. Francis County Circuit Court on November 28, 2005 (hereinafter referred to as the "Underlying Lawsuit").[2] The Underlying Lawsuit seeks damages based on six causes of action: (1) ordinary negligence; (2) wrongful death based on negligence; (3) negligence as defined by the Arkansas Medical Malpractice Act; (4) wrongful

---

[1] Since the filing of this lawsuit, Separate Defendant Alan Curtis, LLC, has been dismissed as a party in the Underlying Lawsuit.

[2] The Underlying Lawsuit is styled *Mary Satterwhite, as Special Administrator of the Estate of Noma Ferrell, deceased, and on behalf of the wrongful death beneficiaries of the Estate of Noma Ferrell v. Evergreene Properties of North Carolina, L.L.C. d/b/a Crestpark Inn of Forrest City; Alan Curtis, LLC; and Alan Curtis Enterprises, Inc.*, St. Francis County Circuit Court, No. CV-2005-375-1.

death based on the Arkansas Medical Malpractice Act; (5) violation of the Arkansas Long Term Care Resident's Rights Statute, Ark. Code Ann. § 20-10-1201 *et seq.*; and (6) civil liability for conduct constituting felony neglect of an endangered or impaired adult.

After notice and demand for coverage by Evergreene, MLMIC agreed to provide a defense to Evergreene and Curtis Enterprises in the Underlying Lawsuit under a reservation of rights. In a letter dated March 2, 2006, MLMIC outlined its position regarding the lack of coverage and gave notice that it was reserving "the right to recoup and seek reimbursement from Crestpark for any and all costs and expenses [incurred] in providing a defense to Crestpark in the lawsuit." (Letter, MLMIC's Ex. D, at p. 5).

In this action, the parties seek declaratory judgments with respect to the Defendants' rights and MLMIC's obligations under two insurance policies: (1) a Healthcare Facility Liability Insurance Policy, Policy HPC 2938113 (the "Primary Policy"); and (2) a Supercover Umbrella and Excess Liability Policy, Policy HXC 2938114 (the "Supercover Policy").[3] Defendant Evergreene is the sole named insured under both policies. Both policies are hereafter referred to collectively as "the Policies." Copies of the Policies are attached as Exhibits 1 and 2 to Defendants' motion and as Exhibits B and C to MLMIC's motion.[4]

Both Policies are occurrence basis policies, providing coverage only for occurrences between January 15, 2000 and January 15, 2001. The parties dispute whether there is any

---

[3] Both policies were issued by Fireman's Fund Insurance Company of Ohio and later acquired by MLMIC.

[4] Unless otherwise stated, the Court's citations to the Policies herein are to the copies attached to MLMIC's motion, on which MLMIC has conveniently placed reference page numbers.

possibility that the claims asserted in the Underlying Lawsuit, filed on November 28, 2005, could possibly trigger coverage under the applicable Policies.

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 2554-55, 91 L.Ed.2d 265 (1986). In deciding a motion for summary judgment, the Court must view all facts and inferences from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587-88, 106 S.Ct. 1348, 1356-57, 89 L.Ed.2d 538 (1986). The party moving for summary judgment must establish both the absence of a genuine issue of material fact and an entitlement to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Matsushita Elec. Indus. Co.,* 475 U.S. at 586-90, 106 S.Ct. 1348.

"Under Arkansas law, construction of an unambiguous insurance policy is a question of law for the court." *Arkansas Power and Light Company v. Hartford Steam Boiler Inspection and Insurance Co.*, 257 F.3d 853 (8th Cir. 2001); *see also State Automobile Ins. Co. v. Lawrence*, 358 F.3d 982 (8th Cir. 2004).

## DISCUSSION

The Court notes that it construed the same policy language under similar (but not identical) circumstances, in a related case styled *MLMIC v. Alan Curtis Enterprises, et al.*, 4:05-cv-01317 GTE (E.D. Ark. December 8, 2006), 2006 WL 3542986. For ease of reference, the

Court will refer to that action, when appropriate, as *"Related Case",* 2006 WL 3542986.[5]

MLMIC's principal contention is that since all of the acts that could possibly permit a recovery of damages in the Underlying Lawsuit must have occurred after November 28, 2002 (the date three years prior to the filing of the Complaint in the Underlying Lawsuit), there could not possibly be an "occurrence" within the policy period of January 15, 2000, to January 15, 2001.  This argument is premised on the contention that all of the claims in the Underlying Lawsuit are subject to either a two or three year statute of limitations.  Assuming the Court so finds, MLMIC also seeks a declaration that it is entitled to recover the costs it advanced for the defense of the Underlying Lawsuit.

Defendants make the following arguments in their motion: (1) the policy definition of "occurrence" entitles them to a defense independently of MLMIC's statute of limitations' argument because there remains a possibility that the claimed injury or damage may fall within the policy period;  (2) a five-year statute of limitations should be applied to the alleged violations of the Arkansas Long Term Care Resident's Rights Act, Ark. Code Ann. § 20-10-1201, *et seq.*; (3) any applicable statute of limitations may be tolled by the continuous treatment doctrine; (4) a duty of defense and indemnity extends to Alan Curtis Enterprises, Inc; (5) the Policies do not preclude coverage for acts potentially giving rise to punitive damages.

For the reasons stated below, the Court concludes that none of the claims asserted in the Underlying Lawsuit is subject to a limitations period of longer than three years.  Additionally, the Court rejects the argument that the continuous tolling doctrine is potentially applicable.

---

[5] There is a third related case, *Medical Liability Mutual Insurance Company v. Evergreene Properties of North Carolina, LLC, et al.*, 4:05-cv-01318-GTE.  MLMIC voluntarily dismissed that case.

Accordingly, MLMIC is entitled to a declaration that it has no duty to indemnify or to defend any of the Defendants in connection with the claims asserted in the Underlying Lawsuit.  This ruling makes it unnecessary to decide whether conduct giving rise to punitive damages could possibly trigger coverage or whether any applicable coverage should be limited to the named insured or extends to Curtis Enterprises.  With regard to the remaining issue of recoupment of defense costs, the Court finds it appropriate to certify that issue to the Arkansas Supreme Court, pursuant to Rule 6-8 of the Rules of the Supreme Court of the State of Arkansas.  A separate Certification Order is being entered simultaneously herewith.

**(1)     Claims Governed by Two or Three-Year Statutes of Limitation are Time Barred and Cannot Give Rise to Covered "Occurrences"**

Noma Ferrell died on January 16, 2004.  The stated policy period under both the Primary and Excess Policies was from January 15, 2000, through January 15, 2001.  The Underlying Lawsuit was filed on November 28, 2005.  Contending that the statute of limitations applicable to all claims is either two or three years, MLMIC argues that any occurrence giving rise to damages for such claims could not have occurred within the applicable coverage period. Defendants counter that there remains a possibility of coverage and challenges MLMIC's offensive use of the statute of limitations to avoid its duty to defend, which is broader than the duty to indemnify.

The parties agree that the Polices are "occurrence" policies as opposed to "claims-made" policies.  "Occurrence" is defined under the Policy as follows:

> Occurrence coverage covers claims arising form [sic] incidents that occur while the policy is in force, regardless of when the actual claim is reported and whether the insured still maintains the policy.

(Policy, MLMIC's Exh. B at p. 5).

The Primary Policy further provides, as to the Professional Liability Coverage, that the insurer will pay damages and defend only when: "the providing or failure to provide professional services occures during the policy period." (Policy, MLMIC's Exh. B at p. 4). The Supercover Policy also applies on an occurrence basis.[6]

MLMIC is within its legal rights to use the declaratory judgment statute in an effort to foreclose any duty to pay or defend. *Travelers Indem. Co. v. Olive's Sporting Goods, Inc*., 297 Ark. 516, 520-21 (1989). There is nothing improper about MLMIC relying on the statute of limitations applicable to the claims asserted in the Underlying Lawsuit to establish that there is no possibility of coverage and therefore, no duty to indemnify or defend against such claims. MLMIC's duty to defend is determined by the pleadings against the Defendants. *Murphy Oil USA, Inc. v. Unigard Security Ins. Co.*, 347 Ark. 167, 175-76 (2001). When there is no possibility that the damage alleged in the complaint will fall within the Policy's coverage, there is no duty to defend. *Id*.

MLMIC contends that all claims pending in the Underlying Lawsuit are governed by either a two or three year statute of limitations. Defendants argue for the application of a five-year limitations period to the claim under the Arkansas Long Term Care Resident's Rights Act, Ark. Code Ann. § 20-10-1201 *et seq*. Defendants further contend that the continuous treatment theory might apply to toll the otherwise applicable limitation periods, thereby triggering a possibility of coverage under the Policies. The Court rejects both contentions.

Turning to Defendants' contention that a five-year limitations period should apply to the

---

[6] *See* discussion at MLMIC's brief at pp. 3-4.

claim under the Arkansas Long Term Care Resident Rights Act ("ALTCRRA"), the Court finds that the appropriate limitations period for such claim is three years.

Defendants correctly point out that Ark. Code Ann. § 16-56-115 provides a catch-all limitations period of five years for actions not otherwise provided for.  However, the Court concludes that Ark. Code Ann. § 16-56-105(3), which applies a three years statute of limitations to "all actions founded on any contract or liability, expressed or implied" applies and therefore, § 16-56-115 is inapplicable.  The ALTCRRA provides that actual damages may be awarded based on "a finding that an employee of the long-term care facility failed to do something which a reasonably careful person would do or did something which a reasonable person would not do under circumstances similar to those shown by the evidence in the case." Ark. Code Ann. § 20-10-209(a)(4).  The ALTCRRA's civil remedy provision is simply a codification of common law negligence principles.   In Arkansas, negligence claims are governed by a three year statute of limitations.  Ark. Code Ann. § 16-56-105; *Calcagno v. Shelter Mut. Ins. Co.*, 330 Ark. 802, 805 (Ark. 1997)(negligent acts of an insurance agent);  *Smackover State Bank v. Oswalt*, 307 Ark. 432, 435 (Ark. 1991)("Without question, the three-year statute of limitation of section 16-56-105 applied . . . to claim of negligence.").

Nor is the Court persuaded otherwise by the fact that the Complaint in the Underlying Lawsuit, in its prayer for relief, seeks attorneys' fees pursuant to Ark. Code Ann. § 16-22-308, a provision permitting an award of attorney's fees in successful civil actions to recover on a "contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services."  Defendant notes that the provision is often used in connection with claims based on written contracts, for which the limitations period is five years.  The Court is uncertain as to why

Ms. Ferrell's Estate chose to cite the attorney's fee statute in its prayer for relief, but its inclusion does not create a claim based on breach of a written contract where none is alleged in the Complaint.[7]

The Court now turns to Defendants' contention that Arkansas recognizes a "continuous treatment doctrine" which effect is to toll otherwise applicable limitation periods. The Court agrees that if the possibility existed that such doctrine might apply to the claims asserted in the Underlying Lawsuit that it would not be appropriate to grant the requested declaratory relief. If such were the case, the Court would not be able to conclude that there was no possibility of recovery for any "occurrences" that might trigger coverage under the Policies. However, the Court concludes that the Complaint in the Underlying Lawsuit contains no assertions that would merit application of the continuing treatment theory to any asserted claim. In making this finding, the Court incorporates by reference the analysis contained in *Related Case*, 2006 WL 3542986 at * 5-6. The analysis is equally applicable here and leads to the same conclusion.

The above conclusions mandate the finding that no possibility of coverage exists under the Policies for the claims asserted in the Underlying Lawsuit. MMLIC is entitled to a declaratory judgment that it owes no duty to indemnify or to defend Defendants in connection with said claims.

**(2)     Recovery of Defense Costs Expended by MLMIC**

The Court's findings above extinguish MLMIC's duty to defend going forward. MLMIC

---

[7] The Court notes that § 16-22-308 has been held not to permit an attorney's fee award in tort actions. *McQuillan v. Mercedes-Benz Credit Corp*., 331 Ark. 242 (Ark. 1998). Additionally, the ALTCRRA specifically prohibits a court from awarding attorney's fees. Ark. Code Ann. § 20-10-1209(a)(5).

also seeks a declaration that it is entitled to seek recoupment of the defense costs already expended in connection with the Underlying Lawsuit. This Court discussed the recoupment of defense costs issue extensively in *Related Case*, but ultimately rejected MLMIC's attempt to recoup its defense costs based on MLMIC's failure to provide adequate and timely notice to the insured and leaving for another day "the more fundamental issue of whether Arkansas would even permit the recovery of defense costs by an insurer under policies such as we have here, and if so, the circumstances in which the recovery of such costs would and would not be permitted." *Related Case*, 2006 WL 3542986, at *15.

That day may now have come. The Court finds no controlling precedent from the Arkansas Supreme Court that addresses the issue of whether MLMIC may, pursuant to its reservation of rights, recoup from the Defendants the defense costs expended in the Underlying Lawsuit. The answer to this remaining legal question is likely to be dispositive of this cause of action. Accordingly, pursuant to Rule 6-8 of the Rules of the Supreme Court of the State of Arkansas, the Court certifies this question of law to the Supreme Court of Arkansas. For this purpose, a separate Certification Order is being filed with this Memorandum Opinion.

## CONCLUSION

For the reasons herein stated,

IT IS HEREBY ORDERED THAT Defendants' Motion for Summary Judgment (Docket No. 26) be, and it is hereby, DENIED.

IT IS FURTHER ORDERED THAT Plaintiff Medical Liability Mutual Insurance Company's Motion for Summary Judgment (Docket No. 22) be, and it is hereby, GRANTED to the extent that based upon the subject insurance policies, MLMIC shall have no duty to

indemnify and no further duty to defend the Defendants in connection with the claims now asserted against Defendants in *Satterwhite v. Evergreene, et al.*, St. Francis County Circuit Court, No. CV-2005-375-1.  In all other respects, the motion is DENIED WITHOUT PREJUDICE.

Dated this  21st  day of September, 2007.

                                                 /s/Garnett Thomas Eisele  
                                                UNITED STATES DISTRICT JUDGE