# M A N D A T E

## CERTIFIED QUESTION ANSWERED

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS

JUN 27 2008

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

4:06-CV-298

STATE OF ARKANSAS
In the Supreme Court

Proceedings of May 29, 2008

07-991
MEDICAL LIABILITY MUTUAL
INSURANCE COMPANY                                    PETITIONER
V.  From The United States District Court
    for the Eastern District of Arkansas, Western Division
        (4:06-CV-00298-GTE)
ALAN CURTIS ENTERPRISES, INC.,
ALAN CURTIS, LLC, AND
EVERGREEN PROPERTIES OF
NORTH CAROLINA, LLC, D/B/A
CRESTPARK INN OF FORREST
CITY                                                 RESPONDENTS

        This certified question of law was submitted to the Arkansas Supreme Court on an
original action petition from the United States District Court for the Eastern District of
Arkansas and on briefs of the respective parties. After due consideration, it is the decision
of the Court that the certified question is answered for the reasons set out in the attached
opinion. Hannah, C.J., and Brown, J., dissent. Imber, J., not participating.

                        IN TESTIMONY, that the above is a true copy of
                        the judgment of the Arkansas Supreme Court. I,
                        Leslie W. Steen, Clerk, set my hand and affix the
                        seal this day 26th day of June, A.D. 2008.

                        _____
                                        Clerk

# SUPREME COURT OF ARKANSAS

No. 07–991

| | |
|---|---|
| MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, | **Opinion Delivered** May 29, 2008 |
| PETITIONER, | CERTIFICATION OF QUESTION OF LAW FROM THE UNITED STATES |
| VS. | DISTRICT COURT FOR THE EASTERN DISTRICT OF |
| ALAN CURTIS ENTERPRISES, INC., ALAN CURTIS, LLC, AND EVERGREEN PROPERTIES OF NORTH CAROLINA, LLC, D/B/A CRESTPARK INN OF FORREST CITY, | ARKANSAS, WESTERN DIVISION, THE HONORABLE GARNETT THOMAS EISELE, UNITED STATES DISTRICT JUDGE, |
| RESPONDENTS, | CERTIFIED QUESTION ANSWERED |

## TOM GLAZE, Associate Justice

The court accepted certification of a single question of Arkansas law submitted by the United States District Court for the Eastern District of Arkansas under Ark. Sup. Ct. R. 6–8, asking this court to address the following question: after the federal court granted an insurer a declaratory judgment that the insurer owed the insured no duty to defend or pay any judgment that resulted from claims asserted in a lawsuit against the insured, may the insurer rely on its reservation of rights letter to recoup its attorney's fees and costs it expended in defense of the lawsuit?

The relevant facts of this case are as follows. Norma Ferrell was a resident of the Crestpark Inn nursing home in Forrest City before she died at Baptist Memorial Hospital in 2004. The administrator of her estate filed suit against the company that owned Crestpark Inn — Evergreene Properties of North Carolina (Evergreene) — seeking damages based on

six causes of action: (1) ordinary negligence; (2) wrongful death based on negligence; (3) negligence as defined by the Arkansas Medical Malpractice Act; (4) wrongful death based on the Arkansas Medical Malpractice Act; (5) violations of the Arkansas Long-Term Care Resident's Rights Statute, Ark. Code Ann. § 20-10-1201 *et seq.*; and (6) civil liability for conduct constituting felony neglect of an endangered or impaired adult.

Evergreene was insured under two policies issued by Fireman's Fund Insurance Company of Ohio; in turn the policies were assigned to Medical Liability Mutual Insurance Company (MLMIC). These policies were "occurrence" based policies that only provided coverage during the period from January 15, 2000 until January 15, 2001. Evergreene notified MLMIC of the lawsuit filed by Ferrell's estate and MLMIC retained defense counsel. However, MLMIC sent a letter to Evergreene on March 2, 2006, outlining its position that it believed that coverage was lacking for various reasons and that it was providing "a defense, under protest, for all claims within the policy limits of the policies." MLMIC's letter further stated that if it was determined that MLMIC had no duty to defend or indemnify Evergreene in the lawsuit, it reserved the right to "recoup and seek reimbursement for any and all costs and expenses" incurred in providing a defense to Evergreene.

MLMIC filed an action in federal court on March 8, 2006, seeking a declaratory judgment that it owed Evergreene neither a duty to defend or indemnify it under the policies. The federal court granted MLMIC's motion for summary judgment, holding that there was no possibility that Ferrell's lawsuit could result in recovery of damages under MLMIC's policies based on the applicable limitations periods of the policies. The federal court then granted MLMIC a declaratory judgment stating that it owed no duty to defend or indemnity

Evergreene or the management services company at Crestpark Inn. However, the federal court declined to answer one issue — whether MLMIC should be permitted to seek recoupment of the defense costs it had expended on behalf of Evergreene for Ferrell's lawsuit.

It appears that the majority of courts that have addressed this question have applied the following general approach to a reservation of rights such as the one at issue here: in the absence of an express agreement in an insurance contract, an insurer who defends a claim for which coverage did not exist is entitled to reimbursement costs for both the settlement amount and litigation expenses if the insurer: (1) timely and explicitly reserved its right to recoup the costs; and (2) provided specific and adequate notice of the possibility of reimbursement. *See, e.g., United Nat'l Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914 (6th Cir. 2002); *Cincinnati Ins. Co. v. Grand Pointe LLC*, 501 F. Supp.2d 1145 (D. Tenn. 2007); *Buss v. Superior Court*, 16 Cal.4th 35, 65 Cal. Rptr.2d 366, 939 P.2d 766 (1997). It also appears that courts that have followed this approach have employed the legal fictions of implied contract and quasi-contract and the equitable theory of unjust enrichment to allow recovery of attorney's fees. MLMIC similarly urges this court to allow it to recoup attorney's fees under a quasi-contract theory, but this has never been allowed in Arkansas.

Other courts, applying what appears to be the minority approach, hold that unless there is an express agreement in the policy language authorizing reimbursement, a unilateral reservation of rights letter cannot create rights not contained within the insurance policy — namely reimbursement of costs and expenses prior to a declaratory judgment that determines there is no duty to defend or indemnify. *See, e.g., Westchester Fire Ins. Co. v. Wallerich*, 527 F. Supp.2d 896 (2007); *Shoshone First Bank v. Pacific Employers Ins. Co.*, 2 P.3d 510 (Wy. 2000);

3                                                       07-991

*Texas Association of Counties Government Risk Management Pool v. Matagorda County*, 52 S.W.3d 128 (2000). The question of which of these two approaches this court will adopt is irrelevant, however, because we have stated on numerous occasions that attorneys' fees are not allowed in Arkansas except where *expressly* provided for by *statute. See, e.g., Harris v. City of Fort Smith* 366 Ark. 277, 234 S.W.3d 875 (2006). Arkansas has followed this common law rule or "American rule" since before the Civil War. *See Temple v. Lawson*, 19 Ark. 148 (1857).

There appears to be only two possible Arkansas statutes that could remotely entitle MLMIC to recoup attorneys fees under the scenario presented: Ark Code Ann. § 23-79-209 (Repl. 2004) or Ark. Code Ann. § 16-22-308 (Repl. 1999). Section 23-79-209, entitled "Allowance of attorney fees in suits to terminate, modify, or reinstate policy," provides in pertinent part:

> (a) In all suits in which the judgment or decree of a court is against a life, fire, health, accident, or liability insurance company, either in a suit by it to cancel or lapse a policy or to change or alter the terms or conditions thereof in any way that may have the effect of depriving the holder of the policy of any of his rights thereunder, or in a suit for a declaratory judgment under the policy, or in a suit by the holder of the policy to require the company to reinstate the policy, the company shall also be liable to pay the holder of the policy all reasonable attorneys' fees for the defense or prosecution of the suit, as the case may be.

In *Newcourt Financial, Inc. v. Canal Ins. Co.,* 341 Ark. 181, 186, 15 S.W.3d 328, 331 (2000), the court noted that:

> [f]rom its plain language section 23-79-209 applies to actions where judgment is ultimately rendered against certain insurance companies in suits initiated by the companies. It specifically includes a declaratory-judgment action. It also applies to suits filed by holders [insureds] of policies seeking to reinstate a canceled policy.

However, there is no provision for the award of attorneys fees to the *insurer* under this section.

The General Assembly made specific allowance only for the *holder* (the insured) of the policy.

Our decisions in *Village Market, Inc. v. State Farm Gen. Ins. Co.*, 333 Ark 552, 970 S.W.2d 243 (1998) (*Village Market I*) and *Village Market, Inc. v. State Farm Gen. Ins. Co.*, 334 Ark 227, 975 S.W.2d 86 (1998) (*Village Market II*) (per curiam) are instructive here. In *Village Market I*, the court held that where an insurance company is the prevailing party in a breach-of-contract action with an insured, it may be awarded an attorney's fee under § 16-22-308. However, in *Village Market II*, we granted the insured's petition for rehearing and held that there was no statutory authorization for an insurer to recover attorney's fees as the prevailing party in an action where the insured sought recovery for a claim under his or her policy. The court admitted that it had not fully considered "the fundamental principle that attorney's fees are not awarded unless expressly provided for by statute or rule" and reversed itself on this point, stating as follows:

> In considering and applying the foregoing statutory principles, we first read the plain language of § 23-79-208, which provides for attorney's fees in actions between policyholders and insurance companies. That statute allows attorney's fees to insureds under prescribed circumstances, *but omits any reference for such fee awards to insurers*. Next, in reading § 16-22-308, that statute never mentions insurance policies and never expressly provides attorney's fees for either insureds or insurers. *Because attorney's fees are awarded only when expressly allowed by statute or rule, the silence of such fee awards to insurers in §§ 16-22-308 and 23-79-208 can only be interpreted to mean that the General Assembly never intended that attorney's fees be awarded to insurers when an insured has filed an action seeking recovery for a claim under his or her policy.*

*Id* at 229-230, 975 S.W.2d at 86-87 (internal citations omitted)(additional emphasis added). While *Village Market II* involved two insurance statutes that are not directly applicable here, it is significant that the court held that the General Assembly's silence reflected an intent to disallow the award of attorney's fees to insurers.

07-991

In the present case, § 23-79-209 only provides an attorney's fee to the *insured* in a declaratory judgment action. The only other possible statutory provision that could possibly allow MLMIC to recoup attorney's fees is under § 16-22-308, which states:

> In any civil action to recover on an open account, statement of account, account stated, promissory note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, or breach of contract, unless otherwise provided by law or the contract which is the subject matter of the action, the prevailing party may be allowed a reasonable attorney's fee to be assessed by the court and collected as costs.

Here, there is no breach of contract at issue or other applicable provision within the plain language of § 16-22-308 that would allow for an insurer to recoup attorney's fees.

We have often stated that Arkansas public policy is best evidenced by its statutes. *See, e.g., State Farm Mut. Auto Ins. Co. v. Henderson*, 356 Ark. 335, 342, 150 S.W.3d 276, 280 (2004). It is a fundamental principle of Arkansas law that attorney's fees are awarded only when expressly allowed by statute or rule, and the General Assembly's silence on the award of attorneys fees reflects our state's public policy on the subject. As we have often pointed out, it is for the General Assembly, not the courts, to establish public policy. *See, e.g., Carmody v. Raymond James Financial Services, Inc.*, ___ Ark. ___, ___ S.W.3d ___ (April 3, 2008). Accordingly, we hold that without statutory or rule authority allowing for such, an insurer may not recoup attorney's fee under a unilateral reservation of rights.

Certified question answered.

HANNAH, C.J., and BROWN, J., dissent.

IMBER, J., not participating.

07-991

# SUPREME COURT OF ARKANSAS

No. 07-991

| | |
|---|---|
| MEDICAL LIABILITY MUTUAL INSURANCE COMPANY, PETITIONER, | **Opinion Delivered** 5-29-08 |
| VS. | |
| ALAN CURTIS ENTERPRISES, INC., ALAN CURTIS, LLC, AND EVERGREENE PROPERTIES OF NORTH CAROLINA, LLC, D/B/A CRESTPARK INN OF FOREST CITY, RESPONDENTS, | DISSENTING OPINION. |

### ROBERT L. BROWN, Associate Justice

I disagree with the majority opinion for three reasons. First, the majority decides the certified question on a ground not briefed by either party, no doubt because neither party considered the majority's reasoning as being applicable to the question before us. What this means is that the losing party will quickly petition this court for rehearing to brief whether the American Rule is germane to the question at hand because it has not had an opportunity to argue that point. Clearly, a better course for the majority to take, since it believes the American Rule has some pertinence, is to request briefs on whether the American Rule is apposite to the certified question.

The second reason I disagree with the majority is that it has decided the issue on a rule that no other jurisdiction has employed, though it appears that virtually every state in the

union, other than Alaska, has adopted the American Rule.  That should be a clear signal to the majority that the American Rule should not be invoked in this context.  For example, courts in California, Florida, Illinois, Montana, Texas, and Wyoming, among others, as well as multiple federal courts have decided the question before us, either in favor of the insurance company or against it.  Our research has disclosed that no state court or federal court has based its reservation-of-rights decision on the American Rule, or even discussed it.  *See, e.g.*, *Buss v. Superior Court of Los Angeles County*, 939 P.2d 766 (Cal. 1997); *Colony Ins. Co. v. G & E Tires & Service, Inc.*, 777 So. 2d 1034 (Fla. Dist. Ct. App. 2000); *General Agents Ins. Co. of America, Inc. v. Midwest Sporting Goods Co.*, 828 N.E.2d 1092 (Ill. 2005); *Travelers Cas. and Sur. Co. v. Ribi Immunochem Research, Inc.*, 108 P.3d 469 (Mont. 2005); *Matagorda County v. Texas Ass'n of Counties County Gov't Risk Mgmt. Pool*, 975 S.W.2d 782 (Tex. App. 1998); *Shoshone First Bank v. Pacific Employers Ins. Co.*, 2 P.3d 510 (Wyo. 2000); *Cincinnati Ins. Co. v. Grande Pointe, LLC, et al.*, 501 F. Supp. 2d 1145 (E.D. Tenn. 2007); *United Nat'l Ins. Co. v. SST Fitness Corp.*, 309 F.3d 914 (6th Cir. 2002); *Knapp v. Commonwealth Land Title Ins. Co., Inc.*, 932 F. Supp. 1169 (D. Minn. 1996).

And, finally, I dissent because the American Rule simply does not control the certified question.  The American Rule applies to claims for attorney's fees by *prevailing litigants*.  American Jurisprudence states the rule succinctly:  "Many states generally follow the "American Rule," which provides that absent statutory authority or a contractual agreement between the parties, each party to litigation must bear its own attorney's fees and may not recover those fees from an adversary."  20 Am. Jur. 2d *Costs* § 55 (2005).

Arkansas case law agrees: "This court follows the American rule, which requires *every litigant* to bear his or her attorney's fees, absent a state statute to the contrary. *Lake View Sch. Dist. No. 25 v. Huckabee*, 340 Ark. 481, 10 S.W.3d 892 (2000); *Love v. Smackover Sch. Dist.*, 329 Ark. 4, 946 S.W.2d 676 (1997)." *Fox v. AAA U-Rent It*, 341 Ark. 483, 489, 17 S.W.3d 481, 485 (2000) (emphasis added).

What we have under the facts leading to the certified question is not a prevailing litigant seeking to recover attorney's fees from the losing litigant. Again, that is when the American Rule applies. What we have here is a question of whether an implied contract was formed by MLMIC's reservation of rights. That reservation, according to MLMIC, obligated Evergreene to reimburse MLMIC for costs and attorney's fees spent by it to defend Evergreene against multiple claims, including wrongful death, brought by the Ferrell Estate, a third party.[1] Whether an implied contract was formed to reimburse costs advanced in defense of a third-party claim is a far cry from the issue of payment of costs to a prevailing litigant, which is the subject of the American Rule.[2] Simply put, that rule has no relevancy to the certified question before us.

---

[1] To clarify further, MLMIC does not sue for its attorney's fees incurred in its declaratory-judgment action brought against Evergreene where it prevailed. It claims attorney's fees and costs for hiring counsel to defend Evergreene against an uncovered claim brought by the Ferrell Estate.

[2] The majority opinion cites to Arkansas statutes that all refer to situations where the issue is recovery of attorney's fees between litigants. *See* Ark. Code Ann. § 23-79-209 (Repl. 2004) and Ark. Code Ann. § 16-22-308 (Repl. 1999). Again, that is not the fact situation before this court.

In short, the majority follows neither the majority position nor minority position, as briefed by the parties.   Rather, it blazes a new trail and forces adherence to a rule that no other court has seen fit to apply under these circumstances.   The upshot of this is that insurance carriers will be forced to defend all uncovered claims and incur that expense based on an insured's demand without hope of reimbursement.   That runs directly counter to the prevailing view in most states.   In addition, the majority leaves unanswered the issue of whether costs other than attorney's fees may be recouped by MLMIC.

For these reasons, I respectfully dissent.

HANNAH, C.J., joins this dissent.

07-991