Case 4:06-cv-00298-GTE  Document 44  Filed 06/26/08  Page 1 of 2

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUN 27 2008

JAMES W. McCORMACK, CLERK
By:_____
      DEP CLERK

# SUPREME COURT OF ARKANSAS

No. 07-991

| | |
|---|---|
| MEDICAL LIABILITY MUTUAL INSURANCE COMPANY,<br><br>PETITIONER<br><br>VS.<br><br>ALAN CURTIS ENTERPRISES, INC., ALAN CURTIS, LLC, AND EVERGREEN PROPERTIES OF NORTH CAROLINA, LLC, D/B/A CRESTPARK INN OF FORREST CITY,<br><br>RESPONDENTS, | Opinion Delivered June 26, 2008<br><br>4:06-cv-298<br><br>CERTIFICATION OF QUESTION OF LAW FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF ARKANSAS, WESTERN DIVISION, THE HONORABLE GARNETT THOMAS EISELE, UNITED STATES DISTRICT JUDGE,<br><br>SUPPLEMENTAL OPINION ON DENIAL OF REHEARING. |

**TOM GLAZE, Associate Justice**

On October 4, 2007, we accepted certification of a question of Arkansas law submitted by the United States District Court for the Eastern District of Arkansas, requesting this court to answer whether an insurer can rely on a unilateral reservation of rights to recoup attorney's fees expended in defense of the insured, following a declaratory judgment that determined the insurer did not owe a duty to defend or indemnify the insured. *Medical Liability Mut. Ins. Co. v. Alan Curtis Enterprises, Inc.*, 371 Ark. 240, ___ S.W.3d ___ (2007)(per curiam). We issued an opinion on May 28, 2008, holding that, under Arkansas law, an insurer may not recoup attorney's fees under a unilateral reservation of rights without statutory or rule authority. *Medical Liability Mut. Ins. Co. v. Alan Curtis Enterprises, Inc.*, ___ Ark. ___, ___ S.W.3d ___ (May 28, 2008). Medical Liability Mutual Insurance Company (MLMIC) has filed a petition for rehearing and to vacate the opinion, asserting that the opinion was moot because the

parties settled the underlying case.

We first note the lack of timeliness to MLMIC's motion to withdraw the certified question. The certified question was submitted to the court on September 26, 2007, and MLMIC filed its motion to withdraw the question the day before we issued our answer. Second, under Ark. Sup. Ct. R. 6-8(a)(1), this court has the discretion to accept certified questions from a federal court when it appears that there is no controlling precedent on an issue under Arkansas law. Our decision on the certified question of whether attorney's fees can be recouped by an insurer under a unilateral reservation of rights established precedent that will prevent future litigation. "Where considerations of public interest or prevention of future litigation are present," this court may, at its discretion, "elect to settle an issue, even though moot." *Owens v. Taylor*, 299 Ark. 373, 374, 772 S.W.2d 596, 597 (1989). Accordingly, we deny MLMIC's petition.

IMBER, J., not participating.